UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOSE L. FIGUEROA,
    Plaintiff,

v.

TOWN OF NORTH HAVEN, et al.,
    Defendants.

No. 3:17-cv-00650 (SRU)

# INITIAL REVIEW ORDER

On April 19, 2017, Jose L. Figueroa—a prisoner at the Willard-Cybulski Correctional Institution in Enfield, Connecticut—filed a civil rights complaint under 42 U.S.C. § 1983 against the Town of North Haven, the North Haven Police Department, Detective Matthew Falcon, Delnacer Acosta and Assistant State's Attorney Robert Mullins. Figueroa amended his complaint on August 18, 2017. This order addresses the Amended Complaint, Doc. No. 13.

**I.    Standard of Review**

Under section 1915A of Title 28 of the United States Code, I must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "[p]ro se complaints 'must be construed liberally and interpreted to raise

the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

## II. Allegations

Figueroa alleges that on December 8, 2014, North Haven police officers responded to a report of a burglary at the Ryder Truck Rental Company in North Haven, Connecticut. An employee of the company stated that the batteries in five rental trucks had been stolen. A videotape of the area where the trucks were parked depicted a gray Honda CRV entering the unlocked gate of the premises at 2:30 a.m. on December 8, 2014. The videotape also showed someone getting out of the car and removing items from the rental trucks.

On April 15, 2015, New Haven, North Haven, and Clinton police officers executed a search warrant at 208 Chatham Street in New Haven, Connecticut in connection with a burglary investigation. Delnacer Acosta lived in a residence next door and was a suspect in many burglaries committed in various towns and cities in Connecticut. In connection with the search executed at 208 Chatham Street, New Haven Police Detective Ingles made contact with Acosta and transported him to the New Haven Police Department for interrogation.

Both New Haven Police Detective Ingles and North Haven Police Detective Falcon participated in the interrogation of Acosta. During the interrogation, Acosta confessed to being involved in stealing batteries from the Ryder trucks on December 8, 2014. At the time, he was driving a (stolen) gray Honda CRV. Acosta stated that Figueroa and two other persons

accompanied him in the car and were also involved in stealing the truck batteries. Acosta indicated that they had scrapped the batteries for cash.

Figueroa claims that Detective Falcon did not make any efforts to substantiate Acosta's statements regarding Figueroa's involvement in the burglary of the truck batteries. Figueroa contends that Detective Falcon knew or should have known that Acosta was a convicted felon and had a motive to falsely identify Figueroa as also having been involved in the burglary.

On November 11, 2015, Detective Falcon signed an affidavit in support of a warrant for Figueroa's arrest, and presented the affidavit and an arrest warrant application to Assistant State's Attorney Mullins for review. On November 17, 2015, Attorney Mullins signed the arrest warrant application. Attorney Mullins submitted the arrest warrant application to a state judge on November 19, 2015. The judge signed the warrant for Figueroa's arrest that day.

Figueroa claims that Detective Falcon's affidavit in support of the arrest warrant was false or contained false statements and that there was no probable cause for his arrest in connection with the stolen Ryder truck batteries. At some point between December 4, 2015 and December 9, 2015, police officers executed the warrant for Figueroa's arrest on charges of larceny and criminal trespass. Figueroa's bail was set at $10,000, which he could not post.

On December 21, 2015, in *State v. Figueroa*, Case No. CR-15-0285364-S, a prosecutor entered a *nolle prosequi* with respect to all charges against Figueroa stemming from the theft of the Ryder truck batteries. Figueroa claims that on January 21, 2017, a judge formally dismissed all criminal charges in the case.

## III. Discussion

Figueroa asserts both federal and state claims against the defendants. He alleges that the defendants violated the Fourth and Fourteenth Amendments to the United States Constitution by arresting him without probable cause and wrongfully depriving him of liberty. He also claims that the defendants falsely arrested him, falsely imprisoned him, maliciously prosecuted him, intentionally inflicted emotional distress upon him, and were negligent in violation of state law. Figueroa seeks monetary damages.

### A. North Haven Police Department

Figueroa names the North Haven Police Department as a defendant. A municipal police department is not an independent legal entity and is not subject to suit under section 1983. *See Rose v. City of Waterbury*, 2013 WL 1187049, at *9 (D. Conn. Mar. 21, 2013) (Connecticut statutes "contain no provision establishing municipal departments, including police departments, as legal entities separate and apart from the municipality they serve, or providing that they have the capacity to sue or be sued. . . . Rather, . . . it is the municipality itself which possesses the capacity to sue and be sued." Furthermore, "[a] municipal police department . . . is not a municipality nor a 'person'" subject to suit under section 1983. *See Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 164 (D. Conn. 2005) (collecting cases). Thus, I dismiss all claims against the North Haven Police Department pursuant to 28 U.S.C. § 1915A(b)(1).

### B. Assistant State's Attorney Robert Mullins

Figueroa claims that Attorney Mullins approved the affidavit in support of the application for a warrant to arrest him on charges in connection with the stolen Ryder truck batteries and

4

also signed the application for an arrest warrant. Attorney Mullins submitted the application to a state court judge, who issued the warrant for Figueroa's arrest.

"[A]bsolute immunity protects a prosecutor from [section] 1983 liability for virtually all acts, regardless of motivation, associated with his function as an advocate." *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994). In *Imbler v. Pachtman*, 424 U.S. 409 (1976), the Supreme Court held that a state prosecutor was absolutely immune from a civil suit to recover damages under section 1983 because the prosecutor's conduct "in initiating a prosecution and presenting the State's case" were "intimately associated with the judicial phase of the criminal process." *Id.* at 430–31. If a prosecutor acts as an "administrator or investigative officer rather than . . . [as an] advocate," however, then he is not entitled to absolute immunity. *See Kalina v. Fletcher*, 522 U.S. 118, 125 (1997); *see id.* at 129–30 (1997) (prosecutor was not entitled to absolute immunity for certifying under oath that an arrest was supported by probable cause, because she "performed an act that any competent witness might have performed"). The immunity inquiry is "not affected by allegations that improperly motivated prosecutions were commenced or continued pursuant to a conspiracy." *Shmueli v. City of New York*, 424 F.3d 231, 237–38 (2d Cir. 2005). When the existence of absolute immunity is "clear from the face of the complaint, . . . the absolute immunity defense may be resolved as a matter of law." *Id.* at 236.

In applying for an arrest warrant, a prosecutor clearly acts in his "role as advocate for the State." *See Burns v. Reed*, 500 U.S. 478, 491 (1991). Connecticut law provides that "the Superior Court . . . may issue [ ] bench warrants of arrest upon application by a prosecutorial official if the court . . . determines that the affidavit accompanying the application shows that there is probable cause to believe that an offense has been committed and that the person complained against committed it." Conn. Gen. Stat. § 54-2a(a); *see also* Conn. Prac. Book § 36-1 ("[A] judicial

5

authority may issue a warrant for the arrest of an accused person if the judicial authority determines that the affidavit accompanying the application shows that there is probable cause to believe that an offense has been committed and that the accused committed it."). The validity of the warrant under the Fourth Amendment depends upon "the accompanying affidavit," *State v. Ali*, 233 Conn. 403, 414 (1995), which contains "sworn testimony given by law enforcement officials." *Milner v. Duncklee*, 460 F. Supp. 2d 360, 372 (D. Conn. 2006); *see State v. Usry*, 205 Conn. 298, 311 (1987) ("The affidavit must recite sufficient facts so that the judicial officer who issues the warrant can, relying solely on the information thus brought to his or her attention, make an independent determination that probable cause exists as to each element of every crime charged."). Unlike the affidavit, the warrant application itself is "part of the advocate's function" and—unless the prosecutor "personally vouche[s] for the truth of the facts set forth" in the affidavit, *see Sheehan v. Colangelo*, 27 F. Supp. 2d 344, 345 (D. Conn. 1998), *aff'd*, 53 F. App'x 584 (2d Cir. 2002) (summary order)—"prepar[ing] and filing" the application is "protected by absolute immunity." *See Kalina*, 522 U.S. at 129.

Here, Figueroa does not allege that Attorney Mullins "personally vouched for the truth of the facts set forth in the arrest warrant application." *Cf. Sheehan*, 27 F. Supp. 2d at 345. Instead, he essentially claims that Attorney Mullins "submitted an application for an arrest warrant [despite] knowing it was incomplete." *See Feehan v. Lengyel*, 2005 WL 272958, at *1 (D. Conn. Feb. 2, 2005), *judgment aff'd*, 278 F. App'x 47 (2d Cir. 2008) (summary order). But "the process of selecting which facts to include in an arrest warrant, unlike the signing of a factual affidavit, is squarely within the scope of a prosecutor's adversarial duties," *Sheehan*, 53 F. App'x at 586, for "a prosecutor's conduct in applying for a warrant for an individual's arrest is closely associated with the initiation of judicial proceedings and conducting a trial." *Ramos v. Poore*, 2017 WL

6

1362017, at *4 (D. Conn. Apr. 11, 2017); *see Kalina*, 522 U.S. at 130 (prosecutor "work[ed] [as] an advocate" in "determin[ing] that the evidence was sufficiently strong to justify a probable-cause finding, . . . deci[ding] to file charges, and . . . present[ing] . . . the motion [for an arrest warrant] to the court"). Even when a prosecutor is alleged to have "knowing[ly] use[d] . . . perjured testimony" or 'deliberate[ly] with[eld] . . . exculpatory information," he is immune from suit under section 1983. *Shmueli*, 424 F.3d at 237 (quoting *Imbler*, 424 U.S. at 431 n.34).

Because Attorney Mullins acted as an "advocate for the State" in "applying . . . for an arrest warrant," he is absolutely immune from suit. *Imbler*, 424 U.S. at 431 n.33; *Barr v. Abrams*, 810 F.2d 358, 361 (2d Cir. 1987); *see Turner v. Boyle*, 116 F. Supp. 3d 58, 80–81 (D. Conn. 2015) (prosecutors were entitled to "[a]bsolute immunity . . . [for] seeking an arrest warrant," because "a prosecutor's initiation of criminal charges relates to a prosecutor's advocacy role, and consequently, falls within the aegis of absolute prosecutorial immunity"). Therefore, I dismiss the claims against Attorney Mullins pursuant to 28 U.S.C. § 1915A(b)(2).

C. Fourth and Fourteenth Amendment Claims

The Fourth Amendment's protections include the "right . . . to be free from unreasonable seizures, including arrest without probable cause." *See Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996). The protections of the Fourth Amendment are made applicable to the states by the Fourteenth Amendment. *Mapp v. Ohio*, 367 U.S. 643 (1961).

An allegation that a criminal prosecution was initiated without probable cause arises under the Fourth Amendment rather than the Fourteenth Amendment's substantive due process rights. *See Albright v. Oliver*, 510 U.S. 266, 268, 274 (1994) (no "substantive [due process] right under . . . the Fourteenth Amendment to be free from criminal prosecution except upon probable

7

cause," because "[t]he Framers considered the matter of pretrial deprivations of liberty and drafted the Fourth Amendment to address it"). To the extent that Figueroa asserts a substantive due process claim under the Fourteenth Amendment in connection with his arrest, I dismiss that claim pursuant to 28 U.S.C. § 1915A(b)(1). *See Albright*, 510 U.S. at 273 ("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing . . . claims.") (internal quotation marks omitted).

"Claims for false arrest or malicious prosecution, brought under [section] 1983 to vindicate the Fourth and Fourteenth Amendment right to be free from unreasonable seizures, are substantially the same as claims for false arrest or malicious prosecution under state law." *Jocks v. Tavernier*, 316 F.3d 128, 134 (2d Cir. 2003) (internal quotation marks omitted). Thus, state law provides the legal elements for such claims under section 1983. *See Davis v. Rodriguez*, 364 F.3d 424, 433 (2d Cir. 2004) ("In analyzing [section] 1983 claims for unconstitutional false arrest, we have generally looked to the law of the state in which the arrest occurred."); *Cook v. Sheldon*, 41 F.3d 73, 79 (2d Cir. 1994) ("Though section 1983 provides the federal claim, we borrow the elements of the underlying malicious prosecution tort from state law.").

Connecticut law defines "false arrest" or "false imprisonment" as "the unlawful restraint by one person of the physical liberty of another." *Russo v. City of Bridgeport*, 479 F.3d 196, 204 (2d Cir. 2007) (quoting *Outlaw v. City of Meriden*, 43 Conn. App. 387, 392 (1996)). As for malicious prosecution, to prevail under Connecticut law, the plaintiff must prove four elements: "(1) the defendant initiated or continued criminal proceedings against the plaintiff; (2) the criminal proceeding terminated in favor of the plaintiff; (3) 'the defendant acted without

probable cause'; and (4) 'the defendant acted with malice.'" *Roberts v. Babkiewicz*, 582 F.3d 418, 420 (2d Cir. 2009) (quoting *McHale v. W.B.S. Corp.*, 187 Conn. 444, 447 (1982)).

In addition to satisfying the elements for state law claims of false arrest and malicious prosecution, Figueroa must also "show some post-arraignment deprivation of liberty that rises to the level of a constitutional violation." *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 117 (2d Cir. 1995); *see also Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 307 (1986) ("[T]he basic purpose of [section] 1983 damages is to compensate persons for injuries that are caused by the deprivation of constitutional rights.") (emphasis and internal quotation marks omitted). Case law is clear that if, at the time of his or her arrest and prosecution, a plaintiff is already in custody or incarcerated on other criminal charges, he or she cannot state a claim for false arrest or malicious prosecution under section 1983 because there is no deprivation of his or her liberty interest. *See, e.g.*, *Walker v. Sankhi*, 494 F. App'x. 140, 143 (2d Cir. 2012) (summary order) ("[E]ven if he could overcome the presumption of probable cause, [plaintiff] could not have suffered a deprivation of liberty as a result of the Bellamy burglary charge because, throughout the pendency of that charge, he was already in custody, and remained in custody, for a completely separate burglary charge . . . .") (citation omitted); *Leniart v. Bundy*, 2011 WL 4452186, at *7 (D. Conn. Sept. 26, 2011) ("A plaintiff does not have a claim for false arrest or malicious prosecution under section 1983 if, at the time of his arrest and prosecution, he already is in custody on other charges, because there is no deprivation of liberty interests."); *Allen v. City of New York*, 480 F. Supp. 2d 689, 717 (S.D.N.Y. 2007) ("Courts have held, for purposes of a malicious prosecution claim, that an inmate already incarcerated has not suffered any unconstitutional deprivation of liberty as a result of being charged with new criminal offenses.") (internal quotation marks omitted); *Goncalves v. Reynolds*, 198 F. Supp. 2d 278, 283 (W.D.N.Y.

2001) ("[A]t the time that these events occurred, plaintiff was already being detained pursuant to the earlier . . . charges, and based upon his prior convictions. . . . Since plaintiff would have been in custody anyway, he cannot state a claim for false arrest.").

Figueroa concedes in his original complaint, Doc. No. 1, that he was already "incarcerated on unrelated matters" at the time of his arrest in early December 2015 in connection with the theft of the Ryder truck batteries. *See id.* at 7. State court records reflect that West Haven police officers arrested Figueroa on May 11, 2015 on criminal charges and arrested him again on June 24, 2015 on criminal charges. On May 15, 2015, Clinton police officers also arrested Figueroa on criminal charges. Figueroa pleaded guilty to the criminal charges in all three cases and a judge sentenced him, on September 8, 2015, to one to three years of imprisonment on each charge. *See State v. Figueroa*, Case No. A22M-CR15-0089261-S; *State v. Figueroa*, Case No. M09M-CR15-0206477-S; *State v. Figueroa*, Case No. A22M-CR15-0089617-S. Department of Correction records confirm that Figueroa was most recently admitted to the Department of Correction on May 11, 2015.

Furthermore, state court records reflect that North Haven police officers arrested Figueroa on December 4, 2015 in connection with a burglary that occurred on January 19, 2015. On December 21, 2015, Figueroa pleaded guilty to that burglary charge and a judge sentenced him to one year of imprisonment. *See State v. Figueroa*, Case No. N07M-CR15-0285363-S. Thus, prior to, during, and after Figueroa's confinement related to the theft of the Ryder truck batteries, Figueroa was incarcerated or confined in a prison facility on other criminal charges. Because Figueroa was already incarcerated at the time of his arrest in early December 2015, and remained in custody pursuant to other charges until the Ryder truck battery theft charges were dismissed in January 2017, Figueroa's liberty was not restrained by the defendants. Accordingly,

I dismiss Figueroa's Fourth and Fourteenth Amendment false arrest, false imprisonment and malicious prosecution claims for failure to state claims upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

   D.  <u>Conspiracy Claim and Failure to Train/Supervise Claim Against Town of North Haven</u>

Figueroa claims that the defendants conspired to arrest and charge him in connection with the truck batteries stolen in December 2014. To state a section 1983 conspiracy claim, a plaintiff must allege "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999). Merely "conclusory allegations of a [section] 1983 conspiracy are insufficient." *Id.* (internal quotation marks omitted).

Figueroa has failed to allege valid claims for deprivation of his constitutional rights under the Fourth or Fourteenth Amendments. "Because neither of [Figueroa's] underlying section 1983 causes of action can be established, the claim for conspiracy also fails." *Droz v. McCadden*, 580 F.3d 106, 109 (2d Cir. 2009) (per curiam); *see also Shultz v. Inc. Vill. of Bellport*, 479 F. App'x 358, 360 (2d Cir. 2012) (summary order) ("Because [plaintiff] was unable to establish an underlying violation of his constitutional rights . . . , his conspiracy claim . . . necessarily fail[s] as well.") I dismiss Figueroa's conspiracy claim pursuant to 28 U.S.C. § 1915A(b)(1).

Figueroa also contends that the Town of North Haven failed to adequately train or supervise the defendants prior to his arrest. Thus, he claims that the Town of North Haven is liable pursuant to the Supreme Court's holding in *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Again, Figueroa has not alleged facts to state a violation of his rights under the

Fourth or Fourteenth Amendments. The Town of North Haven cannot be liable under section 1983 for acts of its employees that did not give rise to constitutional violations. *See Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) ("Because the district court properly found no underlying constitutional violation, its decision not to address the municipal defendants' liability under *Monell* was entirely correct."); *Henry-Lee v. City of New York*, 746 F. Supp. 2d 546, 567 (S.D.N.Y. 2010) ("[A] prerequisite to municipal liability under *Monell* is an underlying constitutional violation by a state actor."). I dismiss Figueroa's *Monell* claim against the Town of North Haven under 28 U.S.C. § 1915A(b)(1).

E. State Law Claims

In addition to his federal claims, Figueroa asserts that the alleged conduct of the defendants constituted false arrest, false imprisonment, malicious prosecution, negligence and intentional infliction of emotional distress under Connecticut law. Because I have dismissed all of Figueroa's federal claims, I decline to exercise supplemental jurisdiction over any state law claims. *See* 28 U.S.C. § 1367(c)(3); *Kolari v. N.Y.–Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.") (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

**IV. Conclusion**

It is hereby ordered that:

(1)  The Fourth and Fourteenth Amendment claims, the conspiracy claim, all claims against the North Haven Police Department and the failure to train and supervise claim against the Town of North Haven, as set forth in the Amended Complaint, [**Doc. No. 13**], are

**DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). I decline to exercise supplemental jurisdiction over any remaining state law claims. The Motion for Appointment of Counsel [**ECF No. 3**] is **DENIED** as moot.

If Figueroa chooses to appeal this decision, he may not do so *in forma pauperis,* because such an appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

(2)     The Clerk is directed to enter judgment for the defendants and close this case.

So ordered.

Dated at Bridgeport, Connecticut, this 6th day of December 2017.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge